IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALCOLM HUNTER,<br><br>Plaintiff,<br><br>v.<br><br>CHIGOZIE IBE, IDC, et al.,<br><br>Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 18-12543 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Malcolm Hunter, Plaintiff Pro Se
#84212-083
Fort Worth
Federal Medical Center
Inmate Mail/Parcels
P.O. BOX 15330
Fort Worth, TX 76119

**SIMANDLE, District Judge:**

1. Plaintiff Malcolm Hunter is a convicted and sentenced federal prisoner currently confined in FMC Fort Worth, Texas. He is proceeding *in forma pauperis* with a civil rights complaint filed pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. He has also moved for the appointment of pro bono counsel. [Docket Entry 2].

2. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening, the Court will permit the complaint to proceed. The Court will also grant Plaintiff's motion for the appointment of counsel.

3. Plaintiff raises four claims: (1) a medical malpractice claim against the United States under the FTCA for failing to examine his injuries after being assaulted; (2) deliberate indifference to his medical needs against defendants Phillip Wawrzyniak, Lt. Thomas, Carl Scuesa, Nicoletta Turner-Foster, Chigozie Ibe, N. West, Ravi Sood, Mr. Wilks, Ms. Barton, S. Rubio, James Gibb, Burlew, Clark, Watson, SHO Officer Clark, Eckerson, Lt. McCool, and John Does 1-3 in violation of the Eighth Amendment; (3) a "special relationship clause" violation against Mr. Boyd and Mr. Melsky in violation of the Fifth Amendment's Due Process Clause; and (4) a second medical malpractice and/or negligence claim against the United States for failing to provide appropriate post-operative care and anti-biotics. [Docket Entry 1 at 8].

4. Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental

employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915 because Plaintiff is a prisoner proceeding *in forma pauperis*.

5. In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

6. To survive sua sponte screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to

---

[1] "[T]he legal standard for dismissing a complaint for failure to state a claim . . . is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

7. Plaintiff alleges he received inadequate medical care from prison officials after he was assaulted by multiple inmates on April 10, 2016 while he was confined in FCI Fort Dix, New Jersey. [Docket Entry 1 ¶ II.A]. The Court has reviewed his allegations and concludes he has sufficiently alleged a deliberate indifference claim under the Eighth Amendment.

8. The Court also concludes that Plaintiff has sufficiently alleged FTCA claims against the United States.[2] Plaintiff has provided a copy of his notice of claim form, [*Id.*

---

[2] The FTCA "operates as a limited waiver of the United States's sovereign immunity[,]" *White–Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010), and a FTCA plaintiff may sue only the United States, *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA.").

at 27]; therefore, the Court will preliminarily exercise jurisdiction over the FTCA claims.[3]

9. Plaintiff's "special relationship" claim, citing the Due Process Clause of the Fifth Amendment, centers on his allegations that defendants Boyd and Melsky failed to provide him with Bureau of Prisons remedy forms while he was incarcerated in the special housing unit ("SHU"). He asserts that the failure to provide him with the remedy forms prevented him from going to Health Services to be evaluated in a timely manner and frustrated his ability to exhaust his administrative remedies. [*Id.* at 22].

10. He alleges that he "suffered for months with excruciating pain, emotional and mental distress, not knowing whether or not he'll be able to use his hand again. . . . The surgery Hunter received would not have been necessary , had defendants protected and cared for Hunter as their affirmative duties imposes." [*Id.*].

11. As a sentenced and convicted prisoner, Plaintiff's failure to protect claims are more appropriately considered under the Eighth Amendment standard. Plaintiff's claims against defendants Boyd and Melsky may proceed as there is a reasonable

---

[3] The Court's preliminary exercise of jurisdiction over the FTCA claim shall not prevent the United States from raising any affirmative defenses after it has been served.

inference that they knew Plaintiff "face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).[4]

12. The Court turns now to Plaintiff's motion for the appointment of counsel. Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). As the Court is permitting the complaint to proceed, it will analyze the remaining *Tabron* factors.

13. In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain

---

[4] The Court makes no determination whether Plaintiff's administrative remedies were properly exhausted or whether there was an "available" remedy system within the meaning of the PLRA. *See* 42 U.S.C. § 1997e(a).

and afford counsel on his own behalf. *See id.* at 155-56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (reiterating the *Tabron* factors).

14. The *Tabron* factors weigh in favor of the appointment of counsel. Plaintiff has filed *Bivens* and FTCA claims concerning his medical treatment at FCI Fort Dix, New Jersey. Resolution of these issues could be complex, will rely on the parties' credibility, and will likely require expert testimony and significant discovery. Hampering the discovery process is the fact that Plaintiff is presently incarcerated in Texas. It is unlikely that he will be able to conduct discovery in New Jersey without the assistance of counsel. Finally, Plaintiff cannot afford counsel on his own.

15. The complaint shall proceed, and counsel shall be appointed for Plaintiff.

16. An appropriate order follows.

**February 8, 2019**       **s/ Jerome B. Simandle**
Date       JEROME B. SIMANDLE
     U.S. District Judge